92 F.3d 1207
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ruth A. SHAY, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 96-3051.
 United States Court of Appeals, Federal Circuit.
 July 16, 1996.
 
 Before MAYER, MICHEL, and SCHALL, Circuit Judges.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 Ruth A. Shay seeks review of the final decision of the Merit Systems Protection Board ("Board"), Docket No. CH-0752-95-0683-I-1, sustaining her removal by the Department of Defense ("agency") for insubordination. The June 29, 1995 initial decision of the administrative judge ("AJ") became the final decision of the Board on October 26, 1995, when the Board denied Shay's petition for review. We affirm.
 
 DISCUSSION
 
 2
 Shay was employed as a GS-11 Staff Accountant with the agency's Defense Finance and Accounting Service, Directorate of Finance and Accounting, Columbus, Ohio. She was removed after she refused, over a period of two months (November and December of 1994), to perform various tasks that were assigned to her by Theresa Lannan, her supervisor. Shay did not dispute that she refused to perform the assignments that Ms. Lannan gave her. Rather, she argued that her refusal was justified, initially because she was not given a written position description or performance standards following her transfer; and later, after she had received the position description and performance standards, because she did not believe that the description and standards adequately described the duties of someone in her position. The AJ rejected Shay's arguments, stating that "if an employee has a dispute concerning the responsibilities of her position or the duties required of her, she must follow the orders of her supervisor and then file a grievance concerning the matter." After determining that removal for insubordination promoted the efficiency of the service and then considering the pertinent Douglas factors, see Douglas v. Veterans Administration, 5 M.S.P.R. 280, 305-06 (1981), the AJ sustained the agency's action.
 
 
 3
 We review a decision of the Board under a narrow standard, affirming unless the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Shay bears the burden of establishing error in the Board's decision. Cheeseman, 791 F.2d at 140. On appeal, Shay essentially repeats the argument she made before the AJ: that her refusal to perform the tasks assigned to her was justified. The contention is without merit. We agree with the AJ that Shay "presented no reasonable excuse for her intentional failure to follow the legitimate instructions of her supervisor to perform assigned duties." Shay's removal was well warranted. Government operations would be seriously impeded if every federal employee who disagreed with his or her job description or performance standards adopted the attitude displayed by Shay.[1]
 
 
 4
 Each party shall bear its own costs.
 
 
 
 [1]
 Shay argues that her repeated refusal to carry out her duties constituted, at most, a single offense, and that removal for an isolated offense is inappropriate. We find this argument specious. Each of Shay's unequivocal refusals, over the course of two months, to perform the tasks assigned her constituted a separate act of insubordination